UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 21-cr-226 (CRC) |
| | ) | |
| CHRISTOPHER MOYNIHAN, | ) | |
| | ) | |
| Defendant | ) | |

## JOINT STATUS REPORT

Defendant/Appellant Christopher Moynihan, through undersigned counsel, and the United States of America, hereby respectfully submit the following Joint Status Report pursuant to this Court's Order dated February 28, 2024 (ECF:71), and state as follows.

1. On February 28, 2024, this Court issued an Order granting Mr. Moynihan's respective Motion for Release Pending Appeal and set deadlines for Mr. Moynihan to be released from custody when he had served twelve months of incarceration, the statutory maximum on the misdemeanor offenses to which he pleaded guilty. The Court took this action as Mr. Moynihan sought to challenge on appeal whether he could be charged with obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), regarding their conduct on January 6, 2021.

2. At the time Mr. Moynihan sought release on appeal, the Supreme Court had granted certiorari in *United States v. Fischer*, No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023), which addressed the identical challenge to the obstruction statute raised by Mr. Moynihan in his motion to dismiss, which was denied by this Court.

3. In its February 28, 2024 Order (ECF:71), this Court "ORDERED that the parties submit a joint status report within five days of the Supreme Court's issuance of a decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748

(U.S. Dec. 13, 2023), as to further proceedings in this case, including whether defendant's release pending appeal should be revoked."

4. On June 28, 2024, the United States Supreme Court reversed the decision of the D.C. Circuit in *United States v. Fischer* and remanded for further proceedings consistent with its decision.

5. The parties agree that Mr. Moynihan's release pending appeal should remain in place. The government is currently evaluating the *Fischer* decision, which affects many defendants in this District. Per the government: In *Fischer*, the Court held at Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." However, the Court did not reject the application of 1512(c)(2) to January 6. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information– or attempted to do so. The Supreme Court has remanded the case to the D.C. Circuit for further proceedings. Through those further proceedings, the Court of Appeals will interpret the scope of the statute in light of the *Fischer* decision. Out of respect for judicial economy, and to ensure a uniform and consistent approach before each judge of the District and Circuit, the government will evaluate its approach to 1512(c)(2) carefully.

WHEREFORE, the parties respectfully request that the Court's release order remain in effect though the pendency of Mr. Moynihan's appeal.

    Respectfully submitted,

    A. J. KRAMER
    FEDERAL PUBLIC DEFENDER

    _____/s/_____
    Rosanna M. Taormina
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W.
    Washington, D.C. 20004

Phone: (202) 208-7500
Email: Rosanna_M_Taormina@fd.org

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

      /s/
Robert Juman
Assistant United States Attorney
Bar No. NJ 033201993
United States Attorney's Office, Detailee
555 Fourth Street, N.W.
Washington, DC 20530
Phone: (786) 514-9990
E-mail: Robert.juman@usdoj.gov

3